1
2
3
4
5
6
7
8
9
10
11
12
13
14

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AHMED AMARIR,                          )
                                       )
            Plaintiff(s),              )          No. C 04-5290 CRB (PR)
                                       )
    vs.                                )          ORDER GRANTING
                                       )          DEFENDANTS' MOTION FOR
JAMES C. HILL, et al.,                 )          SUMMARY JUDGMENT
                                       )
            Defendant(s).              )          (Doc # 23)
_____        )

15      Plaintiff, a prisoner at the Correctional Training Facility ("CTF") in

16  Soledad, California, filed the instant pro se action under 42 U.S.C. § 1983 and 28

17  U.S.C. § 1367 alleging denial of adequate dental treatment to correct and

18  alleviate his grinding and clenching of teeth, abnormal bite and resulting jaw

19  pain.  Plaintiff specifically alleges that he has been unlawfully denied a

20  consultation with an outside specialist despite CTF dentist James C. Hill's having

21  caused or made his condition worse by improperly smoothing his teeth.

22      Per order filed on March 21, 2005, the court found that plaintiff's

23  allegations, liberally construed, stated a cognizable claim for injunctive and

24  monetary relief for deliberate indifference under § 1983, and for medical

25  malpractice under California law, against CTF dentist Hill and CTF chief medical

26  officer Michael L. Friedman, and ordered the United States Marshal to serve

27  them.  The court dismissed the other named defendants under the authority of 28

28  U.S.C. § 1915A(b).  See Mar. 21, 2005 Order at 2 & n.1.

Defendants now move for summary judgment on the ground that there are no material facts in dispute and that they are entitled to judgment as a matter of law.  They also claim that they are entitled to qualified immunity.  Plaintiff has filed an opposition and defendants have filed a reply.

**DISCUSSION**

A.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."  Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  If the nonmoving party fails to make this showing, "the moving party is

1   entitled to judgment as a matter of law."  Celotex Corp., 477 U.S. at 323.

2   B.     Analysis

3          Deliberate indifference to serious medical needs violates the Eighth

4   Amendment's proscription against cruel and unusual punishment.  Estelle v.

5   Gamble, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure

6   to treat a prisoner's condition could result in further significant injury or the

7   "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050,

8   1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other

9   grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.

10  1997) (en banc); see also Hunt v. Dental Dep't , 865 F.2d 198, 200 (9th Cir.

11  1989) (dental care important medical need of inmates).  A prison official is

12  "deliberately indifferent" if he knows that a prisoner faces a substantial risk of

13  serious harm and disregards that risk by failing to take reasonable steps to abate

14  it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

15         Negligence is not enough for liability under the Eighth Amendment.  Id. at

16  835-36 & n.4.  An "official's failure to alleviate a significant risk that he should

17  have perceived but did not, . . . cannot under our cases be condemned as the

18  infliction of punishment."  Id. at 838.  Instead, "the official's conduct must have

19  been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon

20  the constraints facing the official."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.

21  1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).  Prison officials

22  violate their constitutional obligation only by "intentionally denying or delaying

23  access to medical care."  Estelle, 429 U.S. at 104-05.

24         A difference of opinion between a prisoner-patient and prison medical

25  authorities regarding treatment does not give rise to a § 1983 claim.  Franklin v.

26  Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing

27

28                                            3

more than a difference of medical opinion as to the need to pursue one course of treatment over another is generally insufficient to establish deliberate indifference.  Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  In order to prevail on a claim involving choices between alternative courses of treatment, a prisoner-plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to plaintiff's health.  Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Defendants claim they are entitled to summary judgment because the undisputed facts show that plaintiff has received adequate dental care and treatment at CTF.  They specifically claim that there is no evidence that they have been deliberately indifferent to plaintiff's dental problems.  In support, defendants submit several declarations and documentary evidence showing the following:

From February 13, 2001 through August 15, 2003, defendant and CTF dentist James C. Hill examined, cared for and treated plaintiff's long-standing dental conditions, which included occlusal imbalance, missing teeth, gingivitis, bleeding and swollen gums, clenching and grinding of teeth, and poor oral hygiene.  During this two-and-a-half year period, Hill treated plaintiff on ten different occasions and attempted to reduce the long-term effects of years of poor dental hygiene through consistent, professional cleanings and scalings.

On July 26, 2002, Hill filled two of plaintiff's teeth (nos. 13 & 19) with silver filings and, on August 2, 2002, filled two other (nos. 9 & 11).  On October 17, 2002, Hill smoothed two teeth (nos. 19 & 20) plaintiff claimed were rough, made an occlusal adjustment and gave plaintiff flossing instructions.

During subsequent office visits on January 30, May 10, July 17 and August 15, 2003, Hill noted plaintiff's complaint of "squeaky" teeth and cleaned plaintiff's teeth and/or made occlusal adjustments.  Hill advised plaintiff to try to stop grinding his teeth and provided plaintiff with brushing and flossing instructions.  On August 15, 2003, Hill cleaned plaintiff's teeth and, in response to plaintiff's claim that his teeth were still squeaking, offered additional smoothing of plaintiff's teeth.  Plaintiff refused.

On August 29, 2003, plaintiff filed an inmate appeal requesting to see an outside specialist to treat his "grinding, clenching and [have his] jaw bite returned to normal."  On September 22, 2003, Hill partially granted the appeal –  plaintiff could seek outside care at his own expense.  On October 6, 2003, chief dental officer Kyle Sather approved Hill's determination.  Defendant and chief medical officer Friedman concurred and noted that plaintiff was scheduled for a "follow-up appointment and possible occlusal splint fabrication."

On November 25, 2003, CTF dentist O'Neal began providing dental care to plaintiff.  At that time, plaintiff complained of "noises" upon contact and with grinding of his teeth.  O'Neil provided an occlusal adjustment and scheduled a full arch occlusal evaluation for a later date.  On January 6, 2004, O'Neill provided the full evaluation and ordered impressions for a nightguard.  On February 18, 2004, O'Neill gave plaintiff the specially-made soft vinyl nightguard.  On March 25, 2004, O'Neill provided further evaluation of the nightguard and adjusted the occlusion.

On June 9, 2004, chief of inmate appeals N. Grannis rejected plantiff's appeal/request to see an outside specialist at the final level of review.  Grannis noted the care plaintiff had received from O'Neill since the filing of the initial appeal, and found that plaintiff "has been examined by licensed dentists for the

5

complaints he describes.  He has been treated in accordance with the professional judgments of the dentists.  There is no cause to intervene . . . at this time."

On August 12, 2004, O'Neil examined plaintiff and found no joint sounds. The examination also showed plaintiff's range of motion "within normal limits without discomfort."  O'Neil adjusted the vinyl occlusal nightguard.

On June 2, 2005, O'Neil examined plaintiff and found excessive wear of the nightguard.  O'Neill ordered a new set of impressions and, on June 9, 2005, plaintiff received the new nightguard.

Frank Grimaldi, a clinical professor of dentistry at UCSF and practicing dentist for 23 years, reviewed plaintiff's medical record and submitted a declaration stating that the care and treatment provided to plaintiff at CTF was appropriate and met the standard of care for dental professionals practicing in Northern California.  Grimaldi opines that defendant Hill appropriately exercised his professional judgment in determining the care that was necessary and effective for plaintiff.  Grimaldi explains that there was no dental necessity to treat "squeaky" teeth or to refer plaintiff for off-site services for grinding, clenching or bite.  Grimaldi further opines that plaintiff's dental condition – temporomandibular joint dysfunction ("TMJ") and related symptoms – resulted from the combination of missing teeth, periodontal disease and teeth grinding over a long period of time, rather than anything Hill did or could have done during the time plaintiff was under his care.  Grimaldi stresses that TMJ is not readily amenable to treatment and that there is no evidence that treatment available off-site will treat TMJ more effectively than the nightguards and other care plaintiff is receiving at CTF.

Under the facts set forth by defendants, no reasonable trier of fact could find that defendants were deliberately indifferent to plaintiff's serious medical

needs.  Defendants have consistently examined plaintiff and treated his dental

problems during his incarceration at CTF.  They also reasonably determined, in

their professional judgment, that a paid referral to an outside specialist was not

(and is not) medically warranted under the circumstances.  Accord Davis v.

Powell, 110 Fed. Appx. 660, 662 (6th Cir. 2004) (prison officials not deliberately

indifferent for failing to replace set of partial dentures after inmate complained of

sore and bleeding gums where prison dentists examined inmate six times and saw

no evidence of pain or bleeding and determined that emergency partial dentures

were not in order).

Plaintiff argues that defendants' failure to refer him to an outside specialist

despite continued discomfort shows that defendants have been deliberately

indifferent to his serious medical needs.  Not so.  Plaintiff has set forth no

evidence showing a genuine issue for trial on a claim that the treatment decision

defendants made was medically unacceptable under the circumstances and that

defendants made their treatment decision in conscious disregard of an excessive

risk to plaintiff's health.  See Toguchi, 391 F.3d at 1058; Jackson, 90 F.3d at 332.

The undisputed evidence in the record shows that the course of treatment

defendants have elected to pursue (i.e., regular cleanings, scalings and occlusal

adjustments, and custom-fit nightguards), although not readily effective, is no

less effective than any course of treatment available off-site.  Plaintiff's condition

is simply "not readily amenable to treatment."  Although plaintiff's disagreement

and dissatisfaction with the course of treatment defendants have elected to pursue

may be understandable, it does not show deliberate indifference.  See Franklin,

662 F.2d at 1344.  Nor do plaintiff's assertions that Hill caused or worsened his

condition by improperly smoothing his teeth and injuring his gums compel a

different conclusion.  Plaintiff's allegations of ineffective treatment at most show

medical malpractice or negligence insufficient to make out a violation of the

Eighth Amendment.  See Toguchi, 391 F.3d at 1060-61; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).  Defendants are entitled to summary judgment on plaintiff's deliberate indifference to serious medical needs claim.  See Celotex Corp., 477 U.S. at 323.[1]

Plaintiff's remaining medical malpractice claim under California law is dismissed under the authority of 28 U.S.C. § 1367(c)(3).  See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state-law claims under § 1367(c)(3) once it has dismissed all claims over which it has original jurisdiction); see also Acri v. Varian Associates, Inc, 114 F.3d 999, 1000 (9th Cir. 1997) (although discretionary, claims under state law should be dismissed when associated federal claims are dismissed before trial).  The dismissal is without prejudice; plaintiff may proceed with his state law claim in state court.  See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) (dismissal of pendent state claims following dismissal of related federal claims must be without prejudice).

/

/

/

/

/

/

_____

[1]Defendants are also entitled to qualified immunity because a reasonable prison medical official could have believed that his conduct in pursuing the course of treatment at issue was lawful under the circumstances.  See Estate of Ford v. Caden, 301 F.3d 1043, 1049-53 (9th Cir. 2002) (noting that it is possible for a prison official to know all of the facts alleged by plaintiff and to understand that he cannot recklessly disregard a substantial risk of harm to a prisoner, and yet to mistakenly, though reasonably, perceive that the risk of harm is not too high; such an official is entitled to qualified immunity).

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment (doc # 23) is GRANTED as to plaintiff's deliberate indifference to serious medical needs claim and the remaining medical malpractice claim under California law is DISMISSED without prejudice.

The clerk shall enter in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED: June 2, 2006          _____
                             CHARLES R. BREYER
                             United States District Judge

9