1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AHMED AMARIR,                          )
                                       )
            Plaintiff,                  )       No. C 04-5290 CRB (PR)
                                       )
      vs.                              )       ORDER DENYING MOTION
                                       )       TO VACATE JUDGMENT
JAMES C. HILL, et al.,                 )
                                       )       (Doc # 61)
            Defendants.                 )
_____ )

       Plaintiff moves for an order vacating summary judgment in favor of

defendants and reopening his civil rights action pursuant to Federal Rule of Civil

Procedure 60(b).  For the reasons set forth below, the motion will be denied.

                            **BACKGROUND**

       Plaintiff, a prisoner at the Correctional Training Facility ("CTF") in

Soledad, California, filed a pro se action under 42 U.S.C. § 1983 and 28 U.S.C. §

1367 alleging denial of adequate dental treatment.

       Per order filed March 21, 2005, the court found that plaintiff's allegations,

liberally construed, stated a cognizable claim for relief for deliberate indifference

under § 1983 and for medical malpractice under California law against CTF

dentist James C. Hill and CTF chief medical officer Michael L. Friedman.  The

court dismissed the other named defendants under the authority of 28 U.S.C. §

1915A(b).

On September 7, 2005, defendants moved for summary judgment on the ground that there were no material facts in dispute and that they were entitled to judgment as a matter of law.  Plaintiff filed an opposition and defendants filed a reply.  On June 2, 2006, the court granted summary judgment in favor of defendants and dismissed the medical malpractice claim without prejudice.  On October 31, 2007, the Ninth Circuit affirmed.

On July 15, 2008, plaintiff filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b).  Defendants filed an informal response to the motion on August 6, 2008.

## DISCUSSION

Plaintiff moves to vacate judgment on two grounds.  First, he argues that the judgment should be set aside because he was prejudiced by his appellate attorney's failure to file a timely motion for an extension of time to file a petition for rehearing in the Ninth Circuit.   Second, he argues that the judgment should be set aside on the basis of newly discovered evidence.

Rule 60(b) provides for relief from judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *Sch. Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Here, plaintiff specifically cites subdivisions (1), (2) and (6) in support of his motion.

Rule 60(b)(1) permits relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  The moving party must justify his actions and show that his mistake, inadvertence,

2

surprise or excusable neglect was unexpected and unavoidable rather than careless. *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987). Reconsideration is not allowed pursuant to Rule 60(b)(1) based on an attorney's innocent, careless, or negligent mistakes, or even based on an attorney's intentional misconduct. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006). As a general rule, parties are bound by the actions of their lawyers; even attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1). *Casey v. Alberston's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004).

Rule 60(b)(2) permits relief from judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "[T]he movant must show that the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotations omitted). A party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or

defense of the action in a proper fashion." *Id.* (internal quotations omitted).

## I. Timing

Defendants argue that plaintiff's Rule 60(b) claims are untimely.  Rule 60(c) states that "a motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Judgment was entered in this matter on June 2, 2006, more than two years before plaintiff filed his Rule 60(b) motion; plaintiff's claims under Rule 60(b)(1) and (2) are clearly untimely.  Additionally, two years is beyond a reasonable time for plaintiff to bring a "catch-all" claim under Rule 60(b)(6).

In any event, the claims are without merit.

## II. Attorney Misconduct

Plaintiff argues that he is entitled to relief from judgment under Rule 60(b) because he was prejudiced by his court-appointed appellate attorney's failure to file a motion for an extension of time to file a petition for rehearing in the Ninth Circuit.

The relevant sequence of events is as follows.  On June 2, 2006, the court granted defendants' motion for summary judgment.  On October 31, 2007, the Ninth Circuit affirmed the judgment.  On November 11, 2007, plaintiff requested an extension of time to file a petition for rehearing.  Mot. Ex. B.  The Ninth Circuit responded in a letter dated November 16, 2007 that because plaintiff was represented by counsel, all motions for relief had to be filed by counsel.  *Id.*  On November 20, 2007, plaintiff's court-appointed counsel informed plaintiff that she had determined not to seek a rehearing and would withdraw as counsel in order to allow plaintiff to proceed pro se.  *Id.*  Counsel also informed plaintiff that she would request the Ninth Circuit to grant him an extension of time to file

4

a petition for rehearing. *Id.* On January 29, 2008, counsel filed a joint motion for withdrawal as counsel and for an extension of time to file a petition for rehearing. Mot. Ex. D. On February 1, 2008, the Ninth Circuit granted the motion for withdrawal of counsel but denied the motion for extension of time as moot. *See* Mot. Ex. C.

On April 23, 2008, plaintiff filed a petition for a writ of certiorari with the United States Supreme Court. *See id.* In a letter dated April 29, 2008, the Court rejected the petition on the ground that it was "out-of-time." *Id.* The letter explained: "The date of the lower court judgment or order denying a timely petition for rehearing was October 31, 2007. Therefore, the petition was due on or before January 29, 2008. Rules 13.1, 29.2 and 30.1." *Id.* Plaintiff points to the fact that counsel filed the motion for an extension of time with the Ninth Circuit on the same day that his petition for certiorari to the Supreme Court was due and claims that this "untimely" filing entitles him to relief from judgment under Rule 60(b).

Plaintiff's claim is without merit. Plaintiff essentially asks the court to vacate summary judgment because his appellate attorney improperly handled the request for rehearing of the Ninth Circuit's affirmance of this court's judgment. Rule 60(b) does not give this court that authority. If plaintiff wishes to reopen appellate review, a motion for reconsideration in the Ninth Circuit is the proper means to do so, not a motion to vacate judgment here.

Even if Rule 60(b) did give the court authority to reopen appellate review, attorney negligence is not a valid basis on which to set aside judgment under Rule 60(b)(1). *See Latshaw*, 452 F.3d at 1101. Counsel's delay in filing a motion for an extension of time to file a petition for rehearing cannot justify the court's vacating its grant of summary judgment.

## II.     Newly Discovered Evidence

Plaintiff argues that he is entitled to relief from judgment on the basis of newly discovered evidence.  The evidence on which he relies includes an August 31, 2006 Notice of Settlement of Class Action in the matter *Perez v. Tilton*, an August 2006 California Department of Corrections and Rehabilitation report on the prison healthcare delivery system, and a July 23, 2007 Order Granting Plaintiffs' Motion to Convene Three-Judge Court in the matter *Plata v. Schwarzenegger*.  Mot. Ex. D, E, F.  Each of these documents discusses systemic problems with the healthcare system in California prisons.  The first discusses prisoner dental care in particular and notes that "[a] federal judge has approved a settlement in the civil rights lawsuit about dental care in all California prisons. All California state prisoners with serious dental conditions are members of the plaintiff class in this lawsuit. . . .  The settlement requires the California Department of Corrections and Rehabilitation (CDCR) to make major improvements to prisoner dental care."  Mot. Ex. D.

Although the materials plaintiff has submitted as "newly discovered evidence" indeed indicate that there are system-wide problems with the healthcare system in California prisons, they are insufficient to create a triable issue of fact on plaintiff's claim of deliberate indifference by individual defendants.  That prison healthcare generally has been found constitutionally deficient does not mean that the defendants here treated plaintiff with deliberate indifference.  The facts submitted on summary judgment indicate quite the opposite; namely, that defendants consistently examined plaintiff and treated his dental problems during his incarceration at CTF.  If plaintiff wanted to allege system-wide problems with the prison healthcare system, the place to do so was on summary judgment, not in a motion for reconsideration.

6

In addition, the evidence plaintiff has submitted as "newly discovered" is not.  Each document is dated before the Ninth Circuit's affirmance of this court's entry of summary judgment in favor of the defendants.  Plaintiff has failed to show why with due diligence he could not have discovered and presented the evidence on appeal.  *See* Fed. R. Civ. P. 60(b)(2); *Jones*, 921 F.2d at 878.

### CONCLUSION

For the foregoing reasons, petitioner's motion to vacate judgment under Rule 60(b) (doc # 61) is DENIED.  The motion is untimely and without merit. SO ORDERED.

DATED:  Sept. 9, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.04\Amarir2.or7.wpd